**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. A. No. 1306012898 |
| | ) | |
| ERIN CONWAY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Erika Flaschner, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
  *Attorney for Plaintiff*

Joe Hurley, Esquire
1215 King Street
Wilmington, DE 19801
  *Attorney for Defendant*

**MEMORANDUM OPINION AND ORDER**
**ON DEFENDANT'S MOTION TO DISMISS**

**RENNIE, J.**

On February 5, 2016, Defendant Erin Conway ("Defendant") filed a motion to dismiss the charges pending against her on the grounds that her right to a speedy trial was violated (the "Motion"). On April 21, 2016, the Court heard the Motion. This is the Court's Decision on Defendant's Motion to Dismiss.

## PROCEDURAL HISTORY

On June 15, 2013, Defendant was arrested and charged with driving under the influence ("DUI"), in violation of 21 *Del. C.* § 4177. On July 26, 2013, the case was filed in this Court, and approximately two weeks later, on August 12, 2013, Defendant was arraigned and pled not guilty. On September 25, 2013, the Court held a DUI Case Review. Defendant demanded a jury trial, and the Court scheduled trial for January 28, 2014.

On November 19, 2013, Defendant filed a Motion to Suppress, which was scheduled to be heard on January 7, 2014. On January 7, 2014, the Motion was continued at both the Court and Defendant's request and was rescheduled for January 21, 2014. Due to inclement weather, the courthouse was closed on January 20, 2014, thus, the Motion was re-scheduled for February 20, 2014.[1] As a result, the jury trial scheduled for January 28, 2014 was continued to April 8, 2014.[2] This constitutes the first trial delay.

On February 20, 2014, the Court re-scheduled the Motion to Suppress for April 3, 2014. On April 3, 2014, however, the Court rescheduled the Motion to Suppress because older cases had pending motions to suppress scheduled for that same day. Therefore, the Court rescheduled

---

[1] Although the Docket indicates that the Motion to Suppress was rescheduled for March 20, 2014, the rescheduled date was actually February 20, 2014, which is evidenced by another docket entry made on February 20, 2014.
[2] Although the Docket indicates that the trial was continued to April 15, 2014, the rescheduled date was actually April 8, 2014, which is evidenced by another docket entry made on April 8, 2014.

the Motion to Suppress to June 3, 2014, and the jury trial scheduled for April 8, 2014 was continued—for the second time—to July 15, 2014.

On June 3, 2014, the day of the rescheduled Motion to Suppress, Defendant requested a continuance, and therefore the Motion to Suppress was rescheduled for July 1, 2014. On July 1, 2014, however, the Court rescheduled the Motion to Suppress again, because older cases had pending motions scheduled for that same day. Therefore, the Court rescheduled the Motion to Suppress to July 29, 2014, which caused the jury trial scheduled for July 15, 2014 to be continued as well. This constitutes the third trial delay. At that time, the Court did not schedule a new trial date, but instead, decided to wait until after it heard the Motion to Suppress to schedule the jury trial.

On July 29, 2014, the Court continued the Motion to Suppress again, because there was an overcrowded docket, and rescheduled the Motion for October 7, 2014. This constitutes the fourth trial delay.

On October 7, 2014, the State requested a continuance of the Motion to Suppress because the arresting officer, who serves as a necessary witness in this matter, was unavailable. Therefore, the Motion was rescheduled for December 16, 2014. This constitutes the fifth delay.

On December 16, 2014, the Court continued the Motion to Suppress—which constitutes the sixth delay—because there was an overcrowded docket, and rescheduled the Motion for January 20, 2015. On January 20, 2015, this Court denied Defendant's Motion to Suppress. Subsequently, trial was scheduled for March 24, 2015.

On March 24, 2015, Defendant requested a continuance, and therefore, trial was rescheduled—for the seventh time—to April 21, 2015.

On April 21, 2015, the State requested a continuance prior to trial. Defense counsel did not oppose the continuance, but before the Court issued its ruling on the request, Defense counsel instructed Defendant that she did not need to appear in Court that day. The Court denied the State's request, but ultimately continued trial since Defendant did not appear.[3] Trial was rescheduled to June 16, 2015. This constitutes the eighth trial delay.

At the Court's request, trial did not go forward on June 16, 2015. Subsequently, trial was rescheduled for October 13, 2015, and then January 26, 2016. These continuances occurred once again because of an overcrowded docket.

Trial was last scheduled for April 7, 2016. However, trial did not go forward at the request of Defendant, whose counsel had trial in another matter before Superior Court.

## DISCUSSION

In support of her Motion, Defendant relies upon the United States Constitution, the Delaware Constitution, and *Court of Common Pleas Criminal Rule* 48(b). The Sixth Amendment to the United States Constitution affords defendants "the right to a speedy and public trial" in all criminal prosecutions[4] and is applied to the States through the Due Process Clause of the Fourteenth Amendment.[5] Article I, Section VII of the Delaware Constitution also guarantees criminal defendants with the right to "a speedy and public trial by an impartial jury."[6] Additionally, *Court of Common Pleas Criminal Rule* 48(b) grants the Court discretion to dismiss an action if there is unnecessary delay in bringing a criminal defendant to trial.

---

[3] Although the Docket does not indicate that this was the reason for the continuance, the State provided the Court with this explanation at the hearing on the Motion, which was not refuted by defense counsel.
[4] U.S. CONST. amend. VI.
[5] *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967).
[6] DEL. CONST. art. I, § 7.

4

In determining whether a speedy trial violation has occurred, the Court utilizes a balancing test established by the United States Supreme Court in *Barker v. Wingo*.[7] The *Barker* test requires the Court to analyze and weigh the conduct of both the defendant and the prosecution while considering the following factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial, and; (4) prejudice to the defendant."[8] None of the factors by themselves are dispositive of the issue of a speedy trial violation. Instead, each of the factors are correlated and must be considered relative to each other.[9] Accordingly, the Court will separately analyze each factor, and subsequently balance them together to determine whether Defendant has established that her right to a speedy trial was violated.

### A. Length of Delay

A defendant's right to a speedy trial attaches when the defendant is either arrested or indicted, whichever occurs first.[10] This factor is considered to be the threshold factor of the *Barker* analysis because unless the delay is presumptively prejudicial, it is not necessary to consider the remaining three factors.[11] The Delaware Supreme Court has found that when the delay between the arrest and trial exceeds one year, it is presumptively prejudicial and is sufficient to generate inquiry into the other *Barker* factors.[12]

---

[7] 407 U.S. 514, 530 (1972).
[8] *Id.*
[9] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (quoting *Barker*, 407 U.S. at 533).
[10] *Id.*
[11] *State v. Karg*, 2003 WL 23112736, at *2 (Del. Com. Pl. Oct. 21, 2003) (citing *Barker*, 407 U.S. at 530–31); *See also Skinner v. State*, 575 A.2d 1108, 1115 (Del. 1990) ("The threshold question is the length of the delay. Unless there is some delay which is presumptively prejudicial, there is not reason to review the other factors.").
[12] *Middlebrook*, 802 A.2d at 273; *State v. Sells*, 2013 WL 1654317 at *2 (Del. Com. Pl. April 17, 2013) (citing *Cooper v. State*, 32 A.3d 988 at *7 (Del. 2011)) (TABLE).

In this action, the delay is lengthy enough to be presumptively prejudicial, because it surpasses one year. The length of delay therefore weighs in favor of Defendant, and warrants a full *Barker* analysis.

## B. Reason for Delay

The reason for delay is important in the *Barker* analysis, because it often indicates whether the delay is justified,[13] and under the right circumstances it could determine whether "the speedy trial argument stands or falls."[14] The Court considers the conduct of both parties, and assigns different weights to different reasons for the delay.[15] For instance, if the State deliberately attempts to delay trial, it will weigh heavily against the State.[16] However, a delay caused by "negligence, overcrowded courts, or excessive caseloads on prosecutors" weighs less heavily and is considered to be a neutral reason for delay.[17] Moreover, "a valid reason, such as a missing witness, may justify [an] appropriate delay and will not weigh against the State,"[18] however, such a reason should be "an event over which the prosecution has no control."[19] Additionally, "'a defendant who prolongs a matter cannot then blame the result solely on the acts or omissions of the prosecution'"[20]

Trial in this matter has been delayed eleven times, and such delays are attributable to both the State and Defendant. The first several months of this case proceeded through ordinary pre-trial activity without delay. Trial was first delayed after the Court had to reschedule Defendant's

---

[13] *Karg*, 2003 WL 23112736, at *2.
[14] *State v. Cody*, 2015 WL 3648068, at *3(Del. Super. June 4, 2015) (citing *Bailey v. State*, 521 A.2d 1069, 1081 (Del.1987)).
[15] *Id.* (citing *Middlebrook*, 802 A.2d at 274).
[16] *Page v. State*, 934 A.2d 891, 897 (Del. 2007) (quoting *Middlebrook*, 802 A.2d at 274 (internal quotation omitted)).
[17] *Middlebrook*, 802 A.2d at 274 (citing *Barker*, 407 U.S. at 531).
[18] *Id.* (citing *Barker*, 407 U.S. at 531).
[19] *Key v. State*, 463 A.2d 633, 636 (Del. 1983) (stating that "an event over which the prosecution has no control, e.g., the disappearance or illness of an important witness, supports an appropriate rescheduling of the proceedings.").
[20] *Cooper v. State*, 32 A.3d 988 at *7 (TABLE) (Del. 2011) (citing *Butler v. State*, 974 A.2d 857 at *2 (Del.2009) (TABLE) (citing *Key*, 463 A.2d at 637).

Motion to Suppress due to inclement weather. The Court finds that this first delay is not attributable to either the State or the Defendant, since the delay was due to circumstances outside of both parties' control. Therefore, the first delay will not weigh against either party.

The State is responsible for seven of the remaining trial delays. Most of the delays in this matter—the second, third, fourth, sixth, ninth, and tenth continuances—stemmed from the rescheduling of the Motion to Suppress due to the Court's overcrowded docket. These continuances, although made by the Court, nonetheless weigh slightly against the State. The State is also responsible for the fifth delay, when the Motion to Suppress was continued because the arresting officer was on vacation. Although a missing witness is typically a valid reason for delay, the Court is not persuaded that this delay was beyond the State's control. The State has a duty to diligently prosecute its cases, which requires prosecutors to ensure that their witnesses are available for hearings and trials, to the best of their ability. In looking at this particular delay, the Docket reflects that the Motion to Suppress was rescheduled from July 29, 2014 to October 7, 2014, which gave the prosecutor a little over two months to communicate with the officer and determine whether he would be available for the new hearing date. Thus, in this instance, the Court finds that this delay weighs against the State.[21]

Defendant is also responsible for three delays in this matter, which occurred within the past several months. The seventh trial delay occurred because of Defendant's continuance request, and therefore, this delay weighs against her.[22] The eighth trial delay occurred when Defendant did not appear for Court. This continuance weighs against her because defense

_____

[21] Although Defendant did not request this continuance, she nonetheless was not in opposition, despite the fact that the continuance prolonged her trial even further. Defense counsel argued that he agreed to the continuance as a professional courtesy, however, he was acting on behalf of Defendant, and thus, his actions are attributable to Defendant. Regardless, the State's lack of diligence in ensuring that its witness would be available when it had ample time to do so outweighs Defendant's acquiescence in this instance.

[22] The Docket is void of the reason for the continuance request, and Defendant has failed to provide a reason in both her Motion and her Supplemental Motion. Therefore, the seventh delay weighs against Defendant.

7

counsel unilaterally decided that trial would not go forward on that day, without first obtaining the Court's decision on the State's continuance request. Finally, the eleventh delay occurred because of Defendant, whose counsel had trial in another matter before Superior Court. Therefore, this final delay weighs against Defendant.

Ultimately, the Court finds that the second *Barker* factor—the reason for delay—weighs against the State because the majority of the delays in this matter occurred due to an overcrowded docket. The Court recognizes that "'the ultimate responsibility' for delay caused by overloaded trial courts 'must rest with the government rather than with the defendant.'"[23] While delays that result from an overcrowded docket is not heavily weighed against the State, it nevertheless "'falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution."[24]

### C. Defendant's Assertion of the Right to a Speedy Trial

A defendant's assertion or failure to assert her right is a factor highly significant in determining whether there has been a speedy trial violation.[25] When a defendant has failed to assert her right, it "will make it difficult for [that] defendant to prove that [s]he was denied a speedy trial."[26] Hence, while Courts have not set a designated time frame when a defendant must assert her right to a speedy trial, the Delaware Supreme Court has made clear that the defendant nonetheless has "some responsibility to call attention to what [s]he views as an unfair postponement."[27]

---

[23] *Middlebrook*, 802 A.2d at 274 (quoting *Barker*, 407 U.S. at 531)
[24] *Id.* 802 A.2d at 274 (quoting *Doggett v. United States*, 505 U.S. 647, 657 (1992))
[25] *Bailey*, 521 A.2d at 1082.
[26] *Middlebrook*, 802 A.2d at 275.
[27] *Id.*

In this case, Defendant asserted her right to a speedy trial on February 5, 2016.[28] This was over two-and-one-half years after her arrest. Defendant did not, at any time prior to the filing of this Motion, raise the issue of an unfair postponement or lodge an objection to any of the continuances. While allowing the case to be prolonged may have been a part of Defendant's trial strategy, it is disingenuous for her to now waive the speedy trial banner with impunity, after she acquiesced to every single postponement for 2½ years. Therefore, Defendant's consent to the postponements and her failure to object until the filing of this Motion weighs against her under the third *Barker* factor.

### D. Prejudice to the Defendant

Finally, the Court considers the fourth factor of prejudice to Defendant. In so doing, the Court weighs the prejudice asserted by Defendant juxtaposed to the interests that the speedy trial right aims to protect: "(1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired."[29] The Defendant in this case has only raised two interests in her Motion. Because she is not incarcerated, the first interest has not been impaired. Therefore, the Court will address the other two protected interests.

#### 1. Minimizing Anxiety

The right to a speedy trial is designed, *inter alia*, to minimize the anxiety of the defendant. It is well established that, even if not incarcerated prior to trial, a defendant is presumed to be prejudiced "by living under a cloud of anxiety" when there is a delay of trial.[30] However, in order to weigh in a defendant's factor, the anxiety must be excessive and more than

---

[28] The Court received Defendant's Motion on that date, however, the Motion itself is dated January 26, 2016.

[29] *Sells*, 2013 WL 1654317 at *4 (quoting *Middlebrook*, 802 A.2d at 276).

[30] *Middlebrook*, 802 A.2d at 277 (quoting *Barker*, 407 U.S. at 533).

9

the expected anxiety incident to every person who is faced with trial.[31] Here, Defendant maintains that the delay in this matter has caused her anxiety, especially with regard to whether it will affect her employment as a driver for the Division of Health and Social Services. However, without specifically alleging how she has been experiencing excessive concern or anxiety due to the delays, (particularly since she did not object to any of the trial postponements) the Court is unable to determine how the anxiety she is experiencing differs from any other person facing criminal charges. In this instance, the potential negative effect on her employment did not come about as a result of the delay. Rather, it is the result of the nature of the charges she faces, and her job security is solely dependent upon the outcome of the trial. In other words, the factor that determines whether she keeps her job is the same now as it was at the time of her arrest. Hence, Defendant has failed to demonstrate how the trial delays in this instance have led to excessive anxiety.

### 2. Impairment of Defense

The right to a speedy trial protects a defendant's interest in pursuing an unhindered and unimpaired defense. The right to a speedy trial protects this interest "because the inability of a defendant [to] adequately prepare [her] case skews the fairness of the entire system."[32] While this kind of prejudice is difficult to prove as "time's erosion of exculpatory evidence and testimony can rarely be shown,"[33] it is nonetheless the "most serious" type of prejudice, if demonstrated.[34] Here, Defendant has not proffered any argument that her defense against the pending charges has been impaired.

---

[31] *Cooper*, 32 A.3d 988 at *8.
[32] *Barker*, 407 U.S. at 532.
[33] *Sells*, 2013 WL 1654317 at *3 (citing *Doggett v. U.S.*, 505 U.S. 647, 655 (1992)).
[34] *Barker*, 407 U.S. at 532

The trial delays in this matter have not impaired the Defendant's speedy trial interests any more than any other individual facing criminal charges. Therefore, the fourth factor weighs against Defendant.

### E. Balancing of Factors

The Court has balanced the *Barker* factors, and finds that Defendant's right to a speedy trial, as guaranteed by the United States and Delaware Constitutions, was not violated. Although the length of the delay was presumptively long and the reasons for the delay tipped in the Defendant's favor, Defendant acquiesced to every postponement for 2½ years until approximately 3 months ago. Moreover, she has not demonstrated, and with respect to an impaired defense, failed to even articulate the type of prejudice that would lead the Court to conclude that her constitutional right to a speedy trial has been violated.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 17th day of May 2016, that Defendant's Motion to Dismiss is **DENIED**. This matter will now be set for a mandatory trial date.

_____
Sheldon K. Rennie,
Judge

11